PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KHALIL NASH, | ) | |
| | ) | CASE NO. 5:24CV1074 |
| Petitioner, | ) | (5:19CR0429-3) |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 167 and 168] |

Pending is *Pro Se* Petitioner Khalil Nash's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 167).[1] Also pending is the Government's Motion to Dismiss (ECF No. 168). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons stated below, the Motion to Dismiss is granted and the § 2255 motion is denied.

**I. Background**

On April 9, 2018, a joint investigation with the Trumbull-Ashtabula Narcotics Group ("TAG") was initiated following information from a confidential informant that Petitioner was trafficking methamphetamine in Warren, Ohio. The informant also advised that Petitioner and his associates resided and operated in Akron, Ohio. TAG utilized confidential informants to purchase narcotics and weapons from Petitioner and his associates. The total amount of methamphetamine possessed and distributed by Petitioner was 136.6 grams.

---

[1] Unless otherwise indicated, the docket references will be to the criminal case, not the related civil case, 5:24CV1074.

(5:24CV1074)

On April 10, 2018, Petitioner and a co-defendant sold methamphetamine to an undercover source of information. The transaction occurred at a home located at 191 Stone Street, Akron, Ohio. Petitioner arranged the transaction. The drugs were lab tested and found to contain 26.8 grams of methamphetamine with a substance purity of 99%.

On April 17, 2018, TAG agents, utilizing a confidential source of information, met with Petitioner and co-defendant John Strobel at the home located at 191 Stone Street. Agents were able to purchase a SCCY, model CPX-1, 9 mm semi-automatic pistol, serial number 209369, for $370 in pre-recorded government funds.

On April 20, 2018, agents, utilizing a confidential source of information, met with Petitioner and co-defendant John Strobel in Rootstown, Ohio. During that meeting, agents purchased methamphetamine for $1,050 in pre-recorded government funds. The drugs were lab tested and found to contain 55.8 grams of methamphetamine with a substance purity of 97%.

On May 9, 2018, agents, utilizing a confidential source of information, met with Petitioner and co-defendant John Strobel at a residence in Akron, Ohio. The agents purchased methamphetamine utilizing $520 in pre-recorded funds. They also purchased, from an individual introduced to them by Petitioner and co-defendant John Strobel, a Taurus, model PT140 Pro, .40 caliber semiautomatic pistol, serial number SEX49306, for $350 in pre-recorded funds. The drugs were lab tested and found to contain 27.5 grams of methamphetamine with a substance purity of 85%. The firearm was found to have traveled in interstate and foreign commerce.

On May 24, 2018, agents, utilizing a confidential source of information, met with Petitioner and co-defendant John Strobel at a home located at 375 Lillian Street, Akron, Ohio.

(5:24CV1074)

During the meeting, agents purchased the following: approximately 28 grams of methamphetamine; a Smith and Wesson, model M&P 9 Shield, 9 mm semi-automatic pistol, serial number HLZ4757, which was loaded with eight rounds of 9 mm ammunition; and, a Cobra, model CA-380, .380 caliber semi-automatic pistol, serial number CP128142, which was loaded with five rounds of .380 ammunition. Agents utilized $1,200 in pre-recorded funds to complete the transaction. The drugs were lab tested and found to contain 26.5 grams of methamphetamine with a substance purity of 94%. The firearms were found to have been shipped and transported in interstate and foreign commerce.

In July 2019, a federal grand jury in the Northern District of Ohio returned an Indictment (ECF No. 1) against Petitioner. He was charged with distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2 (Counts 1 and 4); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2); distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2 (Count 3); and, felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1)[2] and 924(a)(2) (Count 5).

Petitioner subsequently pleaded guilty to Counts 1, 3, 4, and 5 of the Indictment (ECF No. 1) with a written Plea Agreement. *See* Non-document Minutes of proceedings dated January 14, 2020. The Plea Agreement included a waiver of Petitioner's right to collaterally attack his

---

[2] Because Petitioner was previously convicted of a crime punishable by imprisonment for a term exceeding one-year, *i.e.*, trafficking in marijuana, possessing the firearms and ammunition placed him in violation of 18 U.S.C. § 922(g)(1).

3

(5:24CV1074)

conviction or sentence, except to raise claims of ineffective assistance of counsel or prosecutorial misconduct:

> **WAIVER OF APPEAL AND POST-CONVICTION ATTACK**
> 20. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

ECF No. 55 at PageID #: 202-203.[3] Petitioner knowingly and voluntarily waived his right to file a § 2255 motion, except if the Court's sentence at the time of sentencing exceeded the statutory or guidelines maximum, or the Court's determination of the criminal history category, or in instances of ineffective assistance or prosecutorial misconduct. The terms of the plea agreement

---

[3] Petitioner consented to his attorney initialing each page on Nash's behalf. Later, Petitioner's attorney signed on the last page on behalf of and with the consent of Nash below an acknowledgment that reads:
> I have read (or have had read to me) this entire plea agreement and have discussed it with my attorney. I have initialed each page of the agreement to signify that I understand and approve the provisions on that page. I am entering this agreement voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impair my ability to understand this agreement.

ECF No. 55 at PageID #: 208.

4

(5:24CV1074)

and "the colloquy at the change of plea hearing" are highly probative factors in a knowledge/voluntariness inquiry, United States v. Ferguson, 669 F.3d 756, 765 (6th Cir. 2012).

The matter was set for sentencing before the undersigned on June 25, 2020. *See* Order (ECF No. 84). A final Presentence Investigation Report ("PSR") was filed in April 2020. The maximum terms of imprisonment for Counts 1 and 4 was 40 years per count. The maximum term of imprisonment for Count 3 was life. The maximum term of imprisonment for Count 5 was 10 years. The PSR calculated Petitioner's total offense level as 29, based on a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon during the commission of his offense and a three-level reduction for acceptance of responsibility. With a criminal history category of V, the U.S. Pretrial & Probation Officer calculated Petitioner's advisory guideline range as 140 to 175 months' imprisonment.

In June 2020, the undersigned sentenced Petitioner to a term of 92 months. Petitioner was also sentenced to five years of supervised release. Count 2 of the of the Indictment (ECF No. 1) was dismissed on motion of the Government. *See* Judgment in a Criminal Case (ECF No. 99); Non-document Minutes of proceedings dated June 25, 2020.[4] Petitioner was advised of his right to appeal, however, he did not appeal to the United States Court of Appeals for the Sixth Circuit.

---

[4] According to the Bureau of Prisons ("BOP") website (http://www.bop.gov/inmateloc/) (last visited Nov. 17, 2025), Petitioner has a November 4, 2026 release date.

(5:24CV1074)

On May 6, 2024,[5] Petitioner filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 167). At the time, Petitioner was incarcerated in the Federal Correctional Institution in Beaver, West Virginia ("FCI Beckley"). Petitioner sets forth one ground in support of the within motion. He argues the Court should vacate his conviction and associated sentence on Count 5 based on the June 2022 decision of the United States Supreme Court in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) (holding that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home"). Petitioner contends he is actually innocent of his § 922(g)(1) conviction under *Bruen*. Petitioner's Memorandum in Opposition (ECF No. 169) at PageID #: 1152. Petitioner, however, does not allege that his punishment was in excess of the statutory maximum nor that it exceeds the sentencing imprisonment range.

## II. Discussion

A.  **Section 2255 Legal Standards**

As stated by the United States Court of Appeals for the Sixth Circuit:

> . . .To obtain relief under § 2255, the movant "must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.' " *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

---

[5] Under Sixth Circuit precedent, the petition is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Even though the Court did not receive the petition for filing until June 24, 2024  Petitioner dated his petition on May 6, 2024. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

6

(5:24CV1074)

> An evidentiary hearing "is required unless the record conclusively shows that the petitioner is entitled to no relief." Campbell v. United States, 686 F.3d 353, 357 (6th Cir. 2012) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)); see 28 U.S.C. § 2255(b).

Nix v. United States, No. 20-6218, 2022 WL 815539, at *1 (6th Cir. March 15, 2022).

### B.  Evidentiary Hearing

"Whe[n] a § 2255 motion and the files and records of the case conclusively show that the moving party is entitled to no relief, . . . no hearing of any kind is required[,]" including an evidentiary hearing. Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995) (citing Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983), cert. denied, 465 U.S. 1038 (1984)).  The Court finds that the within motion may be resolved without an evidentiary hearing because the files and records in this case conclusively show that Petitioner is not entitled to relief under § 2255. Ross v. United States, 339 F.3d 483, 490 (6th Cir. 2003).

### C.  Ground Asserted in the § 2255 Motion

#### 1.  Petitioner's § 2255 motion is not timely filed.

The "1-year period of limitation" for a defendant to file a § 2255 motion begins to run from the latest of four triggering events. 28 U.S.C. § 2255(f).  If a defendant does not file an appeal, his judgment becomes final after his time to file a notice of appeal expires. Benitez v. United States, 521 F.3d 625, 629 (6th Cir. 2008); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (concluding that, as a general matter, the time limitation for appealing a criminal judgment contained in Fed. R. App. P. 4(b)(1) governs when a judgment of conviction becomes final for the purposes of 28 U.S.C. § 2255(f)(1)).  The Court entered the Judgment in a Criminal Case (ECF No. 99) on June 29, 2020.  It became final 14 days later, *i.e.*, July 13, 2020,

7

(5:24CV1074)

when Petitioner did not file an appeal. Defendant did not file the instant motion (ECF No. 167) until May 6, 2024, over three years and nine months after the limitation period had expired.

The "1-year period of limitation" shall also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); *see Dodd v. United States*, 545 U.S. 353, 357 (2005) ("What Congress has said in [§ 2255(f)(3)] is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court."). The later start date provided in § 2255(f)(3), however, does not apply here. In *In re Clark*, No. 23-1401, 2023 U.S. App. LEXIS 30481 (6th Cir. Nov. 15, 2023) (Order), the defendant was convicted of several drug and firearms offenses in 2006, including being a felon in possession of a firearm, in violation of § 922(g). *Id.* at *1. In 2023, the defendant filed a second or successive § 2255 motion arguing, in part, that he was actually innocent of his § 922(g) conviction under *Bruen*. *Id.* at *2. Before a defendant can file a successive § 2255 motion, he must make a prima facie showing that, as is relevant here, his motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* (quoting 28 U.S.C. § 2255(h)(2)). This language mirrors the statute of limitations language in § 2255(f)(3). The Sixth Circuit held that *Bruen* was not a "new rule of constitutional law" and denied the defendant's motion, concluding that "*Bruen* did not 'cast doubt on longstanding prohibitions on possession of firearms by felons'." *Id.* at *3 (citing *Bruen*, 597 U.S. at 81 (Kavanaugh, J., concurring)).

8

(5:24CV1074)

Even if *Bruen* had recognized a right that would have affected Petitioner's conviction and sentence, he filed the § 2255 motion (ECF No. 167) over one year and 10 months after the limitations period in § 2255(f)(3) expired.  See *United States v. Purtilo*, No. 1:21CR0298, 2024 WL 3046347, at *1 (N.D. Ohio June 18, 2024) (holding § 2255 motion was untimely under § 2255(f)(3) because it was not filed within one year after the *Bruen* decision).  Finally, nothing in ECF No. 167 raises the potential for relief under subsection (2) of § 2255(f).  Therefore, the § 2255 motion is time-barred and must be dismissed.

        **2.**      **Petitioner has failed to demonstrate entitlement to equitable tolling.**

"The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted).  Equitable tolling is available "whe[n] a motion to vacate is filed after the one-year limitations period contained in 28 U.S.C. § 2255."  *Benitez*, 521 F.3d at 630.  "[T]he doctrine of equitable tolling is used sparingly by federal courts."  *Robertson*, 624 F.3d at 784.  "The party seeking equitable tolling bears the burden of proving he is entitled to it."  *Id.*

A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

9

(5:24CV1074)

Petitioner has not requested equitable tolling and the only effort he makes to show that his claim is not time-barred is to summarily state that "his motion is timely under [§]2255(f)(4) because the dates on which facts supporting the claims presented in his arguments could not have been discovered until [movant's] research of [recently] decided [cases] across the country challenging the statute had been discovered, the language from those cases (to follow) established supporting arguments to substantiate his Second Amendment challenge." ECF No. 169 at PageID #: 1162-63. Petitioner is not entitled to equitable tolling. See Harbin v. United States, No. 1:20CR0802, 2024 WL 757103, at *4 (N.D. Ohio Feb. 22, 2024) (denying as untimely a § 2255 motion that argued *Bruen* made the petitioner's § 922(g)(1) conviction unconstitutional because *Bruen* was decided on June 23, 2022, but petitioner did not file his motion until December 16, 2023 – "about six months late").

### 3. Even if the motion were timely, Petitioner waived the right to bring a § 2255 motion.

This matter will be dismissed for the alternative reason that the ground asserted in ECF No. 167 is barred by the waiver in the Plea Agreement. See ECF No. 55 at PageID #: 202-203. The Sixth Circuit has repeatedly made clear that a Petitioner's waiver of the right to appeal his conviction or sentence will be upheld so long as the waiver is knowing, intelligent, and voluntary. See, e.g., United States v. McGilvery, 403 F.3d 361, 363 (6th Cir. 2005) (enforcing waiver of right to appeal); Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999) (holding that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable).

(5:24CV1074)

>The Court agrees with United States District Judge J. Philip Calabrese that
>
>there is no subsequent change in the law.  At most, *Bruen* changed the mode of analysis or methodology for constitutional challenges based on the Second Amendment, directing courts not to engage in means-ends scrutiny.  It "left unanswered whether the laws reviewed in those cases could constitutionally be applied to dangerous, irresponsible, or law-breaking people."  *United States v. Berry*, 723 F. Supp.3d 567, 578 (N.D. Ohio 2024), *aff'd*, No. 24-3769, 2025 WL 1082376 (6th Cir. Apr. 10, 2025).  The Sixth Circuit's recent decision in *United States v. Williams*, 113 F.4th 637, 661-62 (6th Cir. 2024), upheld the constitutionality of Section 922(g)(1) as applied [to] an induvial (sic) found to be dangerous using *Bruen*'s history and tradition approach.

*United States v. Walker*, Nos. 4:21CR0526, 4:23CV1808, 2025 WL 1506326, at *5 (N.D. Ohio May 27, 2025).  Following *Bruen* and *United States v. Rahimi*, 602 U.S. 680 (2024), the Sixth Circuit considered the constitutionality of § 922(g)(1) in *Williams, supra*.  The Court of Appeals concluded that felons are among "the people" the Second Amendment protects, and that "governments may use class-based legislation to disarm people it believes are dangerous, so long as members of that class have an opportunity to show they" are not.  *Id.* at 649, 661-62.  Moreover, the United States Supreme Court has not made *Bruen* retroactively applicable to cases on collateral review.  *In re Berry*, No. 24-5911, 2025 U.S. App. LEXIS 15078, at *3 (6th Cir. June 17, 2025) (Order).

Even if *Bruen* had recognized a right that would have affected the validity of Petitioner's conviction and sentence, Petitioner's waiver in the Plea Agreement (ECF No. 55 at PageID #: 202-203, ¶ 20) is enforceable so long as it is knowing and voluntary.  *Brady v. United States*, 397 U.S. 742, 748 (1970); *Portis v. United States*, 33 F.4th 331, 334-35 (6th Cir. 2022); *see also United States v. Givhan*, No. 24-20170, 2025 WL 2965773, at *2-3 (E.D. Mich. Oct. 20, 2025) (holding collateral review waiver in defendant's plea agreement precluded his § 2255 motion that

11

(5:24CV1074)

argued the *Bruen* ruling rendered him "actually innocent," such that his conviction and sentence for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), should be vacated on collateral review); *but cf. Vowell v. United States*, 938 F.3d 260, 268 (6th Cir. 2019) (holding that a prisoner may bring a § 2255 motion to challenge a sentence as statutorily excessive based on a subsequent change in law, even if he had knowingly and voluntarily waived the right to appeal).[6] As the United States Court of Appeals for the Sixth Circuit recently stated in *Varner v. United States*, No. 23-5634, 2024 WL 2830657 (6th Cir. June 4, 2024):

> . . . Defendants may waive any right, constitutional or statutory, through a plea agreement. *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). That includes rights "that courts may recognize in the future." *Id.* A plea agreement remains valid even if "later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States*, 397 U.S. 742, 757 (1970). "[F]uture changes in law do not vitiate collateral-challenge waivers." *Portis*, 33 F.4th at 335. Of course, the defendant must enter the plea knowingly and voluntarily. *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). It cannot result from ineffective assistance of counsel. *United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015). And the district court must comply with the Federal Rules of Criminal Procedure when accepting it. *See* Fed. R. Crim. P. 11. But subsequent "developments in the law" do not by themselves "undo its binding nature." *Bradley*, 400 F.3d at 463.

*Id.* at *2. Even if the waiver is knowing and voluntary, the Sixth Circuit refuses to enforce a collateral waiver when: (1) a criminal defendant attacks his plea agreement as "the product of

---

[6] The majority opinion in *Portis*, *supra*, distinguished *Vowell*, *supra*, by stating "the *Vowell* dicta does not apply here for at least two reasons." First, "*Vowell* does not purport to explain what to do with a plea provision that permits collateral attacks only for a 'sentence that exceeds the statutory maximum at the time of sentencing.' " Second, the decision had no reason to offer any guidance about what to do with a case "in which a defendant waived his right to bring a § 2255 claim based on changes in law that affected the elements of a crime." *Portis*, 33 F.4th at 339. *See also Hill v. United States*, No. 23-3665, slip opinion at 6-8 (6th Cir. Nov. 4, 2025), 2025 WL 3094125 (discussing *Portis* and *Vowell*).

(5:24CV1074)

ineffective assistance of counsel;" (2) the district court sentences a criminal defendant above the statutory maximum; and (3) a district court punishes a defendant based on his race. *Jimenez v. United States*, No. 21-5201, 2022 WL 2610337, at *2 (6th Cir. July 8, 2022), *cert. denied*, 143 S.Ct. 1745 (2023). None of those exceptions applies in the case at bar.

### 4. Petitioner's claim is procedurally defaulted.

Finally, Petitioner faces a different procedural obstacle to raising his *Bruen* claim in a motion under 28 U.S.C. § 2255. Sentencing challenges under § 2255 are typically waived if not asserted on direct appeal. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Petitioner did not raise any Second Amendment challenge to his conviction and sentence on Count 5 on direct appeal. As a general rule, a claim not raised on direct review is procedurally defaulted and may not be raised on collateral review absent a showing of either (1) cause and actual prejudice; or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Petitioner makes no attempt to establish cause or prejudice. These arguments, therefore, have been forfeited. The Sixth Circuit has " 'consistently held that arguments not raised in a party's opening brief . . . are waived,' or at least forfeited" *Tri-State Wholesale Bldg. Supplies, Inc. v. NLRB*, 657 Fed.Appx. 421, 425 (6th Cir. 2016) (quoting *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013)).

"[A]ctual innocence, if proved, serves as a gateway through which a [habeas corpus] petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the

13

(5:24CV1074)

statute of limitations." *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). Petitioner, however, has not established his actual innocence to overcome the procedural default. Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This is a demanding standard and Petitioner fails to meet it. Here, Petitioner offers no new evidence of actual innocence. Instead, his assertion that his conviction is unconstitutional under *Bruen* is akin to an argument regarding legal insufficiency. So, his Second Amendment claims are procedurally defaulted from § 2255 review. *See Meacham v. United States*, No. 2:22-cv-00149-JRG, 2025 WL 778168, at *3 (E.D. Tenn. March 11, 2025) ("[P]etitioner's claim of actual innocence is based upon an unfounded contention that *Bruen* renders 18 U.S.C. § 922(g)(1) unconstitutional. As a result, petitioner is not 'actually innocent' of the crime charged and his procedural default in failing to raise the issue on direct appeal is not excused.").

### III. Conclusion

Accordingly, the Court finds that Petitioner fails to demonstrate any ground on which he is entitled to relief under § 2255. Petitioner Khalil Nash's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 167) is denied. The Government's Motion to Dismiss (ECF No. 168) is granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

(5:24CV1074)

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Khalil Nash, #66822-060, FCI Milan, P.O. Box 1000, Milan, Michigan 48160.[7]

IT IS SO ORDERED.

| | |
|---|---|
| November 17, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[7] According to the BOP website (http://www.bop.gov/inmateloc/) (last visited Nov. 17, 2025), Petitioner is now confined at FCI Milan.

Petitioner has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See* *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him").